**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No.  CR-05-00820-PHX-SPL |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Porfirio Francisco Preciado, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant's Motion to Resolve Detainer (Doc. 23) in which he seeks to "take care of" the pending supervised release warrant issued by this Court on January 12, 2012 (Doc. 20). On December 20, 2005, Defendant was sentenced to 70 months in prison followed by three years of supervised release following his plea of guilty to one count of Felon in Possession of a Firearm (Doc. 11). On January 12, 2012, a Petition to Revoke Supervised Release (Doc. 19) and Arrest Warrant (Doc. 20) were issued. On May 18, 2012, Defendant was sentenced in Maricopa County Superior Court to ten years in prison following his plea of guilty to one count of Theft of Means of Transportation and one count of Misconduct Involving Weapons, both committed January 10, 2012. (Doc. 25-1). On April 15, 2015, Defendant was sentenced in Maricopa County Superior Court to ten years in prison following his plea of guilty to one count of Misconduct Involving Weapons committed June 16, 2011. (Doc. 25-2). The two state-court sentences are to run concurrently. (Doc. 25-3). Defendant is currently projected to be eligible for release from state prison on August 22, 2023. (Doc. 25 at 2). The

supervised release arrest warrant issued by this Court has not been executed.

There is no authority that entitles Defendant to be brought before this Court to address the alleged supervised release violations at this time. The Government's citations are well taken. In *Moody v. Daggett*, the Supreme Court held that a defendant has no due process right to a hearing based on the issuance of a parole violation warrant and its lodging with prison officials as a detainer; rather, the right to a hearing arises when the defendant is taken into custody by execution of the warrant. 429 U.S. 78, 89 (1976) (affirming rejection of the defendant's request for immediate execution of a parole violation warrant so that imprisonment for the alleged violation could run concurrently with his criminal sentences in another jurisdiction); *see also United States v. Garrett*, 253 F.3d 443, 449–50 (9th Cir. 2001) (holding the government did not act improperly by waiting until the defendant was released from state custody to execute a supervised release violation warrant and take him into custody). Here, the supervised release arrest warrant has not been executed, but instead lodged as a detainer with the Arizona Department of Corrections. (Doc. 25). Thus, following precedent, Defendant has no right to a hearing before this Court regarding the alleged supervised release violations unless and until the warrant is executed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Resolve Detainer (Doc. 23) is **denied**.

Dated this 3rd day of January, 2023.

Honorable Steven P. Logan
United States District Judge